**SO ORDERED.**

**SIGNED this 12th day of December, 2006.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE

_____

# United States Bankruptcy Court

### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| SANDRA LUELLA BATTLE | 06-50454-C |
| *DEBTOR* | CHAPTER 13 |

## DECISION AND ORDER OVERRULING OBJECTION TO EXEMPTIONS

CAME ON for hearing the foregoing matter. The facts are not in dispute.  The Debtor, Sandra Luella Battle, filed this chapter 13 petition on March 10, 2006, claiming the federal exemptions of section 522(d) of the Bankruptcy Code. *See* 11 U.S.C. § 522(d). The Trustee objected to these exemptions, noting that the Debtor has lived in more than one state during the 730 day period preceding the bankruptcy filing. *See id.* § 522(b)(3)(A). Therefore, the applicable exemption law is not that of the state of filing (Texas); rather, it is the state where the Debtor was domiciled longest for the 180 day period prior to the start of the aforementioned 730 day period. *See id.* Because the Debtor resided in Florida for this entire 180 day period, the Trustee argued, and the Court agrees, that Florida, not Texas, exemption law applies. *See id.*

The issue thus drawn is whether the Debtor, who, under the choice-of-law provision of section 522(b)(3)(A), must use Florida exemption law, may elect to use the federal exemptions of section 522(d) instead of the specific exemptions granted under Florida law. Generally, a debtor has the right to elect either state or federal exemptions. *See* 11 U.S.C. § 522(b)(2). However, any state may, by appropriate legislation, opt out of the federal exemption scheme, thereby granting to debtors only those exemptions expressly allowed by the law of that state. *See id.* Florida is such an opt-out state. *See* FLA. STAT. ANN. § 222.20 (West, Westlaw through Chapter 316 and S.J.R. No. 2788 (End) of the 2006 Second Regular Session of the Nineteenth Legislature). The Trustee objected to the debtor's use of the federal exemptions, claiming that, because Florida is an opt-out state, the federal exemptions were not available to the Debtor. *See* 11 U.S.C. § 522(b)(2).

Section 522(b)(3)(A), as amended by BAPCPA[1], dictates what *law controls* for the purposes of exemption claims. 11 U.S.C. § 522(b)(3)(A). But, it is the *facts as of the commencement of the case* that control the application of exemption law. *In re Orso*, 283 F.3d 686, 692 (5th Cir. 2002) (en banc) ("We cannot emphasize too strongly that the day on which the bankruptcy petition is filed is the 'as of' date for determining the applicability of exemption provisions."). Although BAPCPA mandates the application of Florida *law* for purposes of ruling on the Debtor's exemptions, it is that law as applied to the *facts as of the commencement of the case* that ultimately determines which exemptions the Debtor may claim.

On the date that the Debtor filed her bankruptcy petition, she did not live in Florida; she lived in Texas. She was therefore not a Florida resident on the filing date. The Florida opt-out statute, itself made applicable to this Debtor by sections 522(b)(2) and 522(b)(3)(A), states that "residents of this state shall not be entitled to the federal exemptions . . . ." FLA. STAT. ANN. § 222.20. By its own

---

[1] Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8.

terms, therefore, the opt-out applies only to Florida residents. *Id.* Because this Debtor was not a resident of Florida on the filing date, the Florida opt-out statute does not bar this Debtor from claiming federal exemptions.

Pre-BAPCPA, a Florida bankruptcy court interpreted the Florida opt-out statute the same way. *In re Schulz*, 101 B.R. 301 (Bankr. N.D. Fla. 1989). In *Schulz*, the debtor had moved from Florida to Wisconsin approximately one month before filing a Chapter 7 bankruptcy petition. *Id.* at 302. The pre-BAPCPA version of section 522's choice-of-law provision called for the application of Florida exemption law. *Id.*  The court described the conundrum facing the debtor as a "catch 22", because he was unable to use either the federal exemptions (because Florida is an opt-out state) or the Florida exemptions (because only Florida residents may use them). *Id.* The *Schulz* court resolved the problem by noting (as we do here) that the Florida opt-out statute did not apply to the debtor because he was no longer a resident of Florida on the petition date. *Id.* The debtor was therefore not barred from claiming the federal exemptions. *Id.*

The "catch 22" noted in *Schulz* may have been unusual in 1989. With the changes wrought by BAPCPA to section 522(b)(3)(A), the situation can now arise with greater frequency.[2] Fortunately, at least in this case, the Florida legislature has delivered a solution. Finding support in both the Florida opt-out statute and *Schulz*, the Court holds that a non-Florida-resident debtor, forced into using Florida exemption law by section 522(b)(3)(A), may elect to use the federal exemptions under section 522(b)(2), because Florida's opt-out law does not bar non-residents from claiming federal exemptions.

---

[2]Under former law, the state of filing was usually the state whose exemption laws applied, because the venue rule and the choice-of-law rule for exemptions were the same – domicile of the debtor for the greater part of 180 days before filing. Under BAPCPA, the venue rule remains the same, but the choice-of-law rule for exemptions is different if the debtor moved to the state of filing within the previous two years. *See* 11 U.S.C. § 522(b)(3). The law was no doubt designed to discourage opportunistic forum shopping. Unfortunately, it applies as well to people for whom opportunistic forum shopping was the farthest thing from their minds – like the many dislocated victims from Hurricane Katrina in 2005.

### CONCLUSION

Because the Debtor elected to use the exemptions of section 522(d), and nothing in Florida law prevents her doing so, her election is perfectly valid. The Trustee's objection is OVERRULED.

# # #